# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cincinnati Insurance Company | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Rymer Companies, LLC, a/k/a Rymer Companies, Inc. and Cannon Falls Mall, Inc. | |
| Defendants. | |

Plaintiff Cincinnati Insurance Company, Inc., by and through its attorneys, as and for its Complaint against Defendants Rymer Companies, LLC a/k/a Rymer Companies, Inc., and Cannon Falls Mall, Inc., states and alleges as follows:

## PARTIES

1. Plaintiff Cincinnati Insurance Company ("Cincinnati") is a corporation duly organized under the laws of the State of Ohio with its principal place of business located at 6200 South Gilmore Road, Fairfield, Ohio 45014. At all times relevant, Cincinnati was authorized to issue insurance policies, and otherwise transact business, within the State of Minnesota.

2. At all times relevant herein, Defendant Rymer Companies, LLC, a/k/a Rymer Companies, Inc. (collectively "Rymer") was and is a limited liability company duly organized under the laws of the State of Florida with its principal place of business located at 650 Golden Gate Point, No. 602, Sarasota, Florida 34236 and with a Registered Agent located at 1350 South Frontage Road, Hastings, Minnesota 55033.  Upon information and belief, at all times relevant herein, Rymer was and is engaged in the business of developing, owning, and managing real estate, and upon information and belief, does or may have an interest in the Cannon Mall located at 31265 County 24 Boulevard, Cannon Falls, Minnesota 55009 ("the Mall").

3. At all times relevant herein, Defendant Cannon Falls Mall, Inc. ("Cannon Falls") was and is a corporation duly organized under the laws of the State of Minnesota with its principal executive office located at 650 Golden Gate Point, No. 602, Sarasota, Florida 34236.  Upon information and belief, at all relevant times herein Cannon Falls owned the Mall.

## JURISDICTION AND VENUE

4. This Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1); this matter in controversy exceeds the value of

$75,000, exclusive of interest and costs, and is a civil action between citizens of different States.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391.

6. This Court has personal jurisdiction over Rymer because, upon information and belief, Rymer was engaged in the development, management, or ownership of the Mall which is located in Cannon Falls, Minnesota, amounting to sufficient contacts with the State of Minnesota.

7. This Court has personal jurisdiction over Cannon Falls because, upon information and belief, Cannon Falls is a Minnesota corporation and, pursuant to Goodhue County Minnesota property tax records, Cannon Falls is the owner of the Mall.

## FACTUAL ALLEGATIONS

8. Cincinnati contracted with Rymer and Cannon Falls to provide certain insurance coverage for the Mall under a Building and Personal Property Coverage Form, policy number EPP 002 61 22 ("the Policy"), with effective dates July 15, 2016 through July 15, 2019.

9. The Policy provided certain specified coverage for the Mall.

10.     On or about September 24, 2018, Rymer submitted an insurance claim to Cincinnati seeking coverage for storm damage to the Mall. Rymer claimed that a September 20, 2018 storm caused damage to the Mall's roof and exterior cladding, damaged a separate storage building, and damaged storage pods located in the parking area of the Mall. Rymer claims that the damage caused by the storm totals $1,541,699.84.

11.     Cincinnati investigated Rymer's storm damage claim and determined that the total damage to the Mall as a result of the September 20, 2018 storm was $10,702.40, exclusive of depreciation and the applicable deductible.

12.     On or about October 23, 2018, Cincinnati issued payment to Rymer in the amount of $10,702.40 for the damage to the Mall as a result of the September 20, 2018 storm.

13.     On or about November 1, 2018, Cincinnati requested that Rymer provide an update on the status of its storm-damage claim, including the anticipated completion date of the repairs to the Mall, as provided in Section F of the Policy.

**SECTION F. OPTIONAL COVERAGES**

If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item.

…
>    **3. Replacement Cost**
>
>    …
>
>    > **c.** You may make a claim for "loss" covered by this insurance on an "Actual Cash Value" basis instead of on a replacement cost basis. In the event you elect to have "loss" settled on an "Actual Cash Value" basis, you may still make a claim for the additional coverage this Optional Coverage provides if you notify us of your intent to do so within 180 days after the "loss".
>    >
>    > **d.** We will not pay on a replacement cost basis for any "loss":
>    >
>    > > (1) Until the lost or damaged property is actually repaired or replaced with other property of generally the same construction and used for the same purpose as the lost or damaged property; and
>    > >
>    > > (2) Unless the repairs or replacement have been completed or at least underway within 2 years following the date of "loss".

14.  On or about December 5, 2018, Rymer submitted a Sworn Statement in Proof of Loss to Cincinnati claiming that the damage to the Mall as a result of the September 20, 2018 storm was $1,541,699.84.

15.  On or about December 14, 2018, Cincinnati sent a written demand to Rymer requesting that Rymer produce full and complete copies of various records

and documents reasonably related to Rymer's claim. Rymer failed to produce the requested records and documents.

16. On or about January 23, 2019, Cincinnati advised Rymer that, due to Rymer's failure to produce the documents requested by Cincinnati, Cincinnati was rejecting Rymer's Sworn Statement in Proof of Loss.

17. On or about February 15, 2019, Cincinnati, pursuant to the terms of the Policy, demanded that Edward Rymer, Rymer's Manager and Cannon Fall's Chief Executive Officer, present for an examination under oath and restated its previous request that Rymer produce full, accurate and complete copies of various records and documents reasonably related to Rymer's claim.

18. To date, neither Rymer nor Cannon Falls has produced the documents and records demanded by Cincinnati and Edward Rymer has refused to present for an examination under oath, all as required under the terms of the Policy.

## CAUSE OF ACTION
## DECLARATORY JUDGMENT

19. A controversy of a justiciable nature has arisen between the parties to this action. Further, this Complaint for Declaratory Judgment is initiated pursuant

to Rule 57 of the Federal Rules of Civil Procedure and Minnesota Statutes section 555.01, *et seq.*

20.     Pursuant to Minnesota Statutes section 555.02, Cincinnati is an interested party under a written insurance contract and is entitled to obtain a declaration of its legal rights.

21.     Pursuant to Minnesota statutes section 555.11, all persons who have or claim to have an interest which would be affected by this Declaratory Judgment action have been made parties hereto, and no declaration will prejudice the rights of any person not a party to this proceeding.

**WHEREFORE**, Plaintiff Cincinnati Insurance Company, Inc. hereby requests a Declaratory Judgment by the Court for the following relief:

1.     Determining, adjudicating, and declaring that there is a genuine dispute over the parties' contractual obligations under the terms of the Policy, including but not limited to Rymer's and Cannon Fall's obligation to produce all documents and records demanded by Cincinnati that are reasonably related to Rymer's claim.

2.     Determining, adjudicating, and declaring that, under the terms of the Policy and after being informed of his right to counsel and that anything he says

may be used against him, Rymer, or Cannon Falls, Rymer's Manager and Cannon Fall's Chief Executive Officer, Edward Rymer, is obligated to present for an examination under oath as demanded by Cincinnati.

3. Determining, adjudicating and declaring that there is a genuine dispute over the actual cash value and replacement cost value of the damage to the Mall, the storage building, and storage pods as a result of the September 20, 2018 storm.

|  |  |
|---|---|
|  | **PFEFFERLE KANE LLP** |
| Dated: <u>April 12, 2019</u> | /s/ Anthony J. Kane<br>Anthony J. Kane, #244284<br>100 North Sixth Street<br>600A Butler Square Building<br>Minneapolis, MN 55403<br>612-573-3000<br>akane@pfefferlekane.com<br><br>*Attorneys for Plaintiff Cincinnati Insurance Company, Inc.* |